**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

**v.**
                           **MEMORANDUM AND ORDER**
                           **Crim. File No. 04-477(MJD/RLE)**

**ROLAND GENE ROY,**

          **Defendant.**

_____

David M. Genrich, Assistant United States Attorney, Counsel for Plaintiff.

Scott F. Tilson and Katherine Menedez, Federal Public Defenders, Counsel for
Defendant.

_____

**I.      INTRODUCTION**

Before the Court is Defendant's Motion in Limine to Exclude Expert

Testimony [Doc. 94].  For the following reasons, the Court grants Defendant's

motion.

**II.     BACKGROUND**

On May 11, 2005, Magistrate Judge Erickson issued an order in this case

stating that "[a]ny party who intends to present expert opinion evidence at the

time of Trial, must disclose that evidence no later than twenty one (21) days

before Trial." (Doc. No. 38 at 2.)  On January 31, 2006, Defendant's counsel sent

a letter to the Government stating that she had yet to receive notice of any expert

witness being called in this case.  Sometime between February 8 and 10,

Defendant received discovery from the Government that included a lab report

prepared in April 2005, stating that the tested firearm and the cartridge cases

"showed the presence of matching features."  No additional support, explanation,

or documentation accompanied the report.  The report was written by Nathaniel

Pearlson of the BCA.  On February 15, Defense Counsel received the notes,

photos, and CV related to Pearlson's testimony.  The notes are illegible.  No

summary or written report was provided, and although Counsel have met and

conferred on this issue, as of February 17, Defense Counsel was still unaware of

the specific bases for Pearlson's opinion about a supposed match.  On February 17,

the Government informed Defense Counsel that additional photographs would be

provided.  The Government also stated that Defense Counsel was free to contact

Pearlson if she wanted to do so.  Defense Counsel did speak with Pearlman over

this past holiday weekend, and reported to the Court that these discussions

provided answers to many of Defendant's questions.  However, it was still too late

for Defendant to find his own expert to testify.

The Government admits that it failed to comply with the scheduling order

in this case, and makes no excuse for its untimely production other than to state

that the FBI was very busy dealing with another high profile case during much of

2005.  However, the Government proffers that it has been making efforts to

answer all Defendant's questions regarding the expert disclosures and to provide more readable copies of relevant documents.

## III.   DISCUSSION

Federal Rule of Criminal Procedure 16(a)(1)(G) requires the Government to provide a summary of an expert witness's expected testimony upon the Defendant's request.  In this case, Defendant made a motion for discovery and Magistrate Judge Erickson granted the motion, requiring the parties to disclose expert opinions no later than 21 days before trial.  That date was January 31, 2006.

If the Government fails to comply with Rule 16, the Court has broad discretion to fashion a proper sanction.  See United States v. Ortega, 150 F.3d 937, 943 (8th Cir. 1998).  However, that sanction should be the least severe sanction that will adequately punish the Government and secure future compliance with court orders.  See United States v. DeCoteau, 186 F.3d 1008, 1010 (8th Cir. 1999). Defendant asserts that there is no excuse for the Government's not proffering a timely expert report since the tests were done almost a year ago.  Defendant also argues that late and illegible disclosures prejudice him because he is unable to prepare a proper cross examination based on these sketchy disclosures and is unable to secure an expert of his own to rebut Pearlson's findings.  Furthermore, Defendant states that he was unprepared for any ballistics expert in this case since

such expert testimony is not usual in felon in possession cases.  The Government does not dispute this assertion.

This case is similar to United States v. Davis, 244 F.3d 666 (8th Cir. 2001) in which the Eighth Circuit affirmed a district court's decision to exclude expert DNA testimony that was provided to the defendant on the Friday before a Monday trial was to begin.  Not only was this disclosure made on the eve of trial, it was also over a month late under the scheduling order in the case.  Id. at 672.  The district court suppressed the evidence, finding that the late disclosure of such complicated evidence prejudiced the defendant.  Id. at 671.  In addition, the district court found that suppression, rather than a continuance, was the appropriate sanction since continuing the trial would result in scheduling problems that could prejudice defendants in other criminal cases.  Id. at 672.  The Eighth Circuit affirmed and noted that in addition to the reasons cited by the district court, the need to preserve the integrity of the judicial process provided another reason to affirm.  Id. at 673 (noting that even in the absence of prejudice, the integrity of the judicial process and scheduling concerns, alone, could have justified suppression).

In this case, the first part of the disclosures were made almost two weeks after the discovery deadline, even though the testing was done long before that.

Moreover, it appears that there is still no Rule 16 expert report that summarizes Pearlman's testimony.

The Court finds that the late piecemeal disclosure of Pearlman's expert report and accompanying documentation is untimely and will prejudice Defendant.  The indictment in this case was filed on December 14, 2004; the superceding indictment was filed on March 8, 2005; and the second amended trial notice went out on January 6, 2006.  The Government had more than sufficient time to get an appropriate expert summary and report to Defendant.  Discovery in criminal matters should not amount to a game of hide and seek.  Defendant complied with the rules by filing a timely discovery motion.  Judge Erickson granted that motion.  It was then the Government's duty to comply with Judge Erickson's order.  To that end, the Court notes that not only was disclosure late in this case, it was also insufficient.  The documentation filed with Defendant's motion does not even come close to satisfying Rules 16's requirements.  To the extent the Government argues that Pearlman's report was submitted in a way that is typical for the BCA, that is no excuse.  It is the Government's duty to compile the information into an acceptable expert report that complies with the Federal Rules of Criminal Procedure and that can be understood by Defendant and his counsel.

Such late and incomplete disclosure severely disadvantaged Defendant who has not had adequate time to prepare his cross examination or to secure his own expert to rebut Pearlman's testimony.  The prejudice is especially apparent in this case when the type of testimony Pearlman will offer is not common in felon in possession cases.  See Ortega, 150 F.3d at 943 (finding that undisclosed expert testimony regarding substances commonly used in drug trafficking did not prejudice defendant because, inter alia, such testimony is "almost routine in drug cases").  Lastly, exclusion is the most appropriate sanction in this case because the Court's full trial calendar makes a more time-consuming remedy impractical and a continuance would only prejudice other criminal defendants who are awaiting trial.  To that end, it must be noted that this trial has already been rescheduled twice.  Therefore, the evidence will be excluded from trial.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion in Limine to Exclude Expert Testimony [Doc.  94] is **GRANTED**.

DATED: February 21, 2006

s/ Michael J. Davis
Michael J.  Davis
United States District Court

6